KINKEY ET AL., APPELLANTS, *v*. JEWISH HOSPITAL ASSN. OF CINCINNATI, APPELLEE.

[Cite as Kinkey v. Jewish Hospital Assn., 16 Ohio App. 2d 93.]

(No. 10343—Decided March 11, 1968.)

*Messrs. Hoover, Beall & Eichel* and *Mr. Walter Bortz*, for appellants.

*Messrs. Rendigs, Fry, Kiely & Dennis*, for appellee.

SHANNON, J. On February 9, 1961, before noon, plaintiff, Elizabeth Kinkey, entered the parking lot operated by defendant hospital prior to visiting her husband, then a patient in the hospital. Snow had fallen and accumulated so that certain areas within the parking lot had been cleared to facilitate parking and subsequent pedestrian traffic. Plaintiff parked her vehicle and entered the hospital.

About nine p. m. plaintiff left her husband's room and went to the parking lot. No snow had fallen on February 9, but some of the earlier accumulation had melted and, it is admitted by defendant, an "icy patch" of undetermined density had formed in "aisle two" of the parking lot. As plaintiff approached her car, she slipped on this ice, fell and suffered the injuries complained of in her petition.

Upon trial, plaintiff subpoenaed the executive director of the hospital, *duces tecum*, including in such demand the production of all relevant documents and records, including reports and documents pertaining to plaintiff's fall. A deputy of the executive director responded to the subpoena and, upon examination, admitted that a Security Report or Incident Report had been made following the plaintiff's fall. Such report had been relinquished to counsel for defendant, and upon request of the trial judge it was produced for the judge's perusal. Thereafter, the judge ruled that the entire report was inadmissible and not subject to the inspection of counsel for plaintiff, on the ground that the document in its entirety was privileged, counsel for defendant having claimed the report to be his "work product."

The case was ultimately submitted to the jury, the court giving, over plaintiff's objection, the following special charge:

"The court charges you that the mere fact that the plaintiff fell upon the premises of the defendant in this case is not evidence tending to prove negligence on the part of this defendant.

"No inference of negligence arising from the mere fact of the happening of the accident, and in order for plaintiff to recover, it is incumbent upon plaintiff to establish that the defendant owed a legal duty to the plaintiff and that the defendant breached that duty."

Ultimately, a verdict in favor of the defendant was returned, and the plaintiff has appealed contending that the court below erred in:

1. Denying counsel for plaintiff the opportunity to peruse the Incident Report, and writings incident thereto, in order to utilize pertinent portions thereof;

2. in refusing to admit such report and writings in evidence; and

3. in giving the special charge above quoted.

Fundamentally, the issue is whether the plaintiff presented evidence of negligent conduct on the part of the defendant upon which a jury could have returned a verdict in her favor. Secondarily, the question is whether the ruling of the trial court prevented her from access to information leading to production of such evidence.

Plaintiff contends that the hospital was negligent in failing to exercise the requisite degree of care in providing her with a reasonably safe surface upon which to walk. Counsel for plaintiff concedes that ''the requisite degree of care'' would be ordinary care.

Therefore, we must first decide whether the defendant had any obligation, or duty, to remove the natural accumulation of snow and, later, ice.

Paragraph three of the syllabus in *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, reads:

''Ordinarily, an owner and occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps on his premises. * * *''

It is apparent, then, that the defendant owed no duty to remove the snow which had fallen.

Next, we must address ourselves to the second question raised by plaintiff. Did the defendant, once having undertaken to clear certain areas of its parking lot, do so negligently, that is, other than a reasonable person would have done under the same or similar circumstances, by piling up the snow with the presumed knowledge that it would thaw in the daylight and freeze at night?

Paragraph one of the syllabus in the *Sidle case, supra,* reads:

''An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.''

Paragraph two of the same syllabus reads:

''The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occu-

pier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them. * * *''

Consequently, whatever presumption of knowledge of thawing and freezing as a natural phenomenon may exist obtains equally as to both parties.

We can find nothing in the evidence which could lead reasonable minds to conclude that the defendant breached any duty owing to plaintiff. There is no showing that defendant in any way created a hazard, or aggravated one already existing.

However, the plaintiff contends that she was unjustly barred from using parts of the Incident Report prepared by agents and employees of the hospital. Principally, she states that if she had been permitted to make use of ''the relevant material'' in the report she could have established a stronger case.

We have examined the report and find that those parts referred to by plaintiff would not have been admissible, and, therefore, the report was properly excluded by the trial judge. This conclusion obviates a finding on our part whether the report was privileged, since privileged or not it was properly barred.

With respect to plaintiff's assignment of error number three, we are in accord with the second and third paragraphs of the syllabus in *Green* v. *Castronova*, 9 Ohio App. 2d 156, to wit:

''2. Although negligence will not be presumed from the mere fact that an accident happened, such fact may be, and should be, taken into consideration, in connection with all the other facts and circumstances of the case, in determining whether there was negligence.

''3. An instruction to a jury, that the mere fact that an accident happened or that plaintiff received some injury is no evidence whatsoever that the defendant was negligent and that no negligence can be inferred therefrom, is error.''

However, despite the inadvisability of the use of the language in the given special charge, ''* * * the mere fact that the plaintiff fell * * * is not evidence tending to prove negligence * * *,'' the plaintiff was not prejudiced thereby

in the absence of proof of negligence on the part of defendant.

There being no error prejudicial to the plaintiff, the verdict must be affirmed.

*Judgment affirmed.*

LONG, P. J., and HILDEBRANT, J., concur.