McDONALD, Appellant,

v.

KOGER et al., Appellees.

[Cite as *McDonald v. Koger*, 150 Ohio App.3d 191, 2002-Ohio-6195.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2002 CA 38.

Decided Nov. 15, 2002.

James E. Fox, for appellant.

John P. Petro, for appellees.

WOLFF, Presiding Judge.

{¶ 1} Karen A. McDonald appeals from a summary judgment granted in favor of The Pines restaurant and its owner, Reva Koger. McDonald was injured when she slipped and fell on ice in The Pines' parking lot as she made her way from her car to the entrance.

{¶ 2} The material facts are, in our judgment, not in dispute. After a substantial snowfall, The Pines plowed its parking lot and pushed the snow into several piles around the perimeter of the parking lot. On January 17, 1999, the date of McDonald's fall, the weather was warmer than in past days. When McDonald exited her car, she became aware of a large patch of smooth ice situated between her car and the restaurant entrance. As she made her way across the ice, she slipped and fell, breaking her ankle.

{¶ 3} Although The Pines contends that McDonald was unable to say whether the ice was frozen runoff from a pile of plowed snow, construing the evidence, as we must, in favor of McDonald, the nonmoving party, we believe a reasonable inference can be drawn that the ice patch was frozen runoff.

{¶ 4} Having said that, for the reasons that follow, whether the ice was frozen runoff from the piled snow or "merely the natural accumulation of ice and snow left in the area, unplowed, and that thawed and refroze" is immaterial.

{¶ 5} Although she does not formally state an assignment of error, McDonald claims that there is a "genuine issue of material fact as to whether (she) slipped and fell on a natural or unnatural accumulation of snow and ice."

{¶ 6} The law of Ohio holds that the business owner is not liable for injuries to his customers for injuries occasioned by slips and falls upon natural accumulations of ice and snow but that the business owner may be liable where the accumulation is unnatural.

{¶ 7} Although the argument has been made over the years that frozen runoff from piles of plowed snow is an unnatural accumulation because human intervention has caused the snow to be piled, that argument has been rejected by recent appellate opinions.

{¶ 8} In *Flint v. Cleveland Clinic Found.*, Cuyahoga App. Nos. 80177 and 80478, 2002-Ohio-2747, 2002 WL 1160196, Mary Flint fell on a patch of ice near piled-up plowed snow. In affirming summary judgment for the foundation, the court stated in part:

{¶ 9} "If the Flints contend that run-off from the melting snow pile created the icy patch, several courts, including this one, have concluded that this does not constitute an 'unnatural' accumulation of ice. When snow is removed, it has to be placed somewhere, and 'a certain natural run-off of water is to be expected.' *Hoenigman v. McDonald's Corp.* (Jan. 11, 1990), [1990 WL 1334] 1990 Ohio App. LEXIS 131, Cuyahoga No. 56010. See, also, *Davis v. The Timbers Owners' Assoc. Towne Proper. Asset Mgt. Co.* (Jan. 21, 2000), [2000 WL 43709] 2000 Ohio App. LEXIS 115, 1st Dist. No. C–990409; *Sasse v. Mahle* (Nov. 19, 1999), [1999 WL 1074118] 1999 Ohio App. LEXIS 5508, 11th Dist. No. 98–L–157; *Community Ins. Co. v. McDonald's Restaurants of Ohio, Inc.* (Dec. 11, 1998), [1998 WL 852772] 1998 Ohio App. LEXIS 5878, 2nd Dist. No. 17051, 17053. 'Slush is a natural phenomenon of changing weather conditions.' " *Hoenigman*, 1990 WL 1334, 1990 Ohio App. LEXIS 131, supra.

{¶ 10} On similar facts, the Court of Appeals for Butler County also affirmed summary judgment. Francine Walters had fallen in a shopping center parking lot on frozen runoff from a pile of previously plowed snow. The court stated:

{¶ 11} "[I]t is presumed that the thawing and freezing of snow into ice is a natural phenomenon. *Kinkey v. Jewish Hospital Association of Cincinnati* (1968), 16 Ohio App.2d 93, 96, 45 O.O.2d 267, 242 N.E.2d 352. Thus, when a parking lot was plowed but some of the snow melted and formed an icy patch later in the day, the formed ice was considered a natural accumulation. Id. Moreover, similar to the case sub judice, snow placed upon elevated islands causing a natural runoff of water that later froze into ice was not rendered an unnatural accumulation. *Hoenigman v. McDonald's Corp.* (Jan. 11, 1990) [1990 WL 1334], 1990 Ohio App. LEXIS 131, Cuyahoga App. No. 56010. Therefore, appellant's contention that the icy puddle that she slipped upon is an unnatural accumulation is incorrect." *Walters v. Middletown Properties Co.*, Butler App. No. CA2001–10–249, 2002-Ohio-3730, 2002 WL 1625682. See, also, *Klein v. Ryan's Family Steak House*, Summit App. No. 20683, 2002-Ohio-2323, 2002 WL 1022974.

**194**

{¶ 12} In our judgment, these cases are correctly decided and persuasive to us in the disposition of this appeal.

{¶ 13} The judgment will be affirmed.

Judgment affirmed.

BROGAN and FAIN, JJ., concur.