OPINION
{¶ 1} Plaintiffs-Appellants appeal the April 27, 2004, decision of the trial court granting and dismissing their claims for personal injuries sustained by Dreama Lehman in a fall on a patch of ice on the business premises of defendants-appellees Cracker Barrel Old Country.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 1, 2001, Appellant Dreama Lehman, her husband John and their two foster children went to the Cracker Barrel Restaurant near Interstate 71 and State Route 13, in Mansfield, Ohio, for breakfast, at approximately 8:00 a.m. As Mrs. Lehman was leaving the restaurant, she slipped on the sidewalk, fell and broke her leg.
 {¶ 3} It is undisputed that the area had had a snow and ice storm the night before.
 {¶ 4} The facts before us are that the parking lot was cleared by an outside company prior to the arrival of the restaurant manager at 5:00 a.m. on the day in question. The sidewalks had not been shoveled but a layer of salt had been applied to said walkways.
 {¶ 5} On November 26, 2002, Appellants filed a Complaint in the Richland County Court of Common Pleas alleging that Appellees negligently maintained the walkways to the restaurant by allowing black ice to develop.
 {¶ 6} On February 26, 2004, Appellees filed a Motion for Summary Judgment.
 {¶ 7} On April 13, 2003, Appellants filed a Response to Appellees' Motion for Summary Judgment.
 {¶ 8} By Entry dated April 27, 2004, the trial court granted Appellees' Motion for Summary Judgment.
 {¶ 9} It is from this decision by the trial court Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 10} "I. The court of common pleas erred in granting summary judgment because genuine issues of material fact exist in this case.
 {¶ 11} "II. The court of common pleas erred in granting summary judgment because there was a genuine issue of material fact as to whether the actions taken by the appellee create an unnatural accumulation."
 {¶ 12} "Summary Judgment Standard"
 {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ. R. 56(C) provides, in pertinent part:
 {¶ 14} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 15} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 16} It is based upon this standard that we review appellant's assignments of error.
 I., II. {¶ 17} As both assignments of error challenge the trial court's granting of summary judgment, we shall deal with Appellants' assignments of error simultaneously.
 {¶ 18} Appellants argue that genuine issues of fact exist which precluded the granting of summary judgment in this case. Specifically, Appellants argue that Appellees created an unnatural accumulation of ice by salting the sidewalks only once, which allowed the ice to melt and then refreeze, creating black ice.
 {¶ 19} In the instant case, the duty owed by Cracker Barrel to Appellants, as invitees, is "to exercise ordinary care to maintain the premises in a reasonably safe condition for the protection of such invitee(s)." Boles v. Montgomery Ward and Co. (1950), 153 Ohio St. 381, at 382. This duty is predicated on the owner's "superior knowledge of existing dangers or perils to persons going upon the property." Thompsonv. Ohio Fuel Gas Co. (1967), 9 Ohio St.2d 116.
 {¶ 20} Snow and ice are part of wintertime life in Ohio. Lopatcovichv. Tiffen (1986), 28 Ohio St.3d 204, 503 N.E.2d 154. It is well-established in Ohio that the dangers from natural accumulation of ice and snow are ordinarily obvious enough that any landowner may reasonably expect an individual on the premises to act to protect themselves against such conditions. Brinkman v. Ross (1993),68 Ohio St.3d 82, 85, 623 N.E.2d 1175; Evans v. Dianna's DeliRestaurant, Cuyahoga App. No. 81746, 2003-Ohio-1173, ¶ 20; Flint v. TheCleveland Clinic Foundation, Cuyahoga App. Nos. 80177 and 80478,2002-Ohio-2747, ¶ 17. Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, paragraph two of the syllabus. Therefore, an owner or occupier owes no duty, even to a business invitee, to remove natural accumulations of ice or snow. Id. However, there are exceptions to the general rule.
 {¶ 21} First, if an occupier is shown to have had notice, actual or implied, that a natural accumulation of snow and ice on his or her premises has created a condition substantially more dangerous than a business invitee should have anticipated by reason of the knowledge of conditions prevailing generally in the area, negligence may be proven.Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38,227 N.E.2d 603; Gober v. Thomas King, Inc. (1997), Montgomery App. No. 16248. Northeastern Ohio's freeze and thaw cycles, which commonly cause ice formations, are natural accumulations absent a showing of negligence on the part of the landowner or occupier. Hoenigman v.McDonald's Corp. (Jan. 11, 1990), Cuyahoga App. No. 56010. To become liable, the owner must have some "superior knowledge" of the existing danger or peril. LaCourse v. Fleitz (1986), 28 Ohio St.3d 209, 210.
 {¶ 22} A second exception to the no-duty rule exists where the owner is actively negligent in permitting or creating an unnatural accumulation of ice and snow. Lopatkovich v. City of Tiffin, supra. An "unnatural accumulation" refers to causes and factors other than winter weather's low temperatures, strong winds, drifting snow, and natural thaw and freeze cycles. By definition, an unnatural condition is man-made or man-caused. Unnatural accumulations are caused by a person doing something that would cause ice and snow to accumulate in an unexpected place or way. Porter v. Miller (1983), 13 Ohio App.3d 93, 468 N.E.2d 134.
 {¶ 23} Thus, in order for a plaintiff to prevail on a negligence claim, he or she must produce evidence that either the natural accumulation of snow and ice was substantially more dangerous than could have been appreciated and that the owner knew or should have known this; or that the owner was actively negligent in permitting or creating an unnatural accumulation of ice and snow. See Holbrook v. Oxford HeightsCondo. Ass'n., Cuyahoga App. No. 81316, 2002-Ohio-6059; Bailey v. St.Vincent DePaul Church (May 8, 1997), Cuyahoga App. No. 71629.
 {¶ 24} In the instant case, the appellants only raise the latter argument in this appeal.
 {¶ 25} As stated previously, an unnatural accumulation refers to causes and factors other than the inclement weather or to causes other than the meteorological forces of nature. Extremely severe snow storms or bitterly cold temperatures do not constitute "unnatural" phenomena.Porter v. Miller (1983), 13 Ohio App. 93. See also Lapatkovich v. Cityof Tiffin, supra; Kinkey v. Jewish Hospital Assn. of Cincinnati (1968),16 Ohio App.2d 93, 242 N.E.2d 352, holding freeze-thaw cycle is a natural phenomenon following partial clearing of a hospital parking lot;Cox v. Kroger Co. (June 24, 1981), Hamilton App. No. C-8000523, unreported, where parking lot tire ruts held "natural" accumulation;Vanover v. Toledo Trust Co. (Jan. 1, 1985), Lucas App. No. L-84-272, unreported, where invitee fell on ruts and ridges in parking lot no breach of duty; Jackson v. Holiday Inns (Feb. 9, 1982), Franklin App. No. 80-AP-914, unreported, where invitee fell on icy sidewalk; Friedmanv. PBS Associates (June 10, 1985), Stark App. No. CA-6542, unreported, where invitee fell on ice from freeze-thaw cycle covered with snow in commercial parking lot.
 {¶ 26} Appellants, in the case sub judice, stated that Cracker Barrel had creating an unnatural condition by making the ice more treacherous by applying salt to the area and allowing the ice to thaw and then refreeze.
 {¶ 27} Appellants rely on the case of France v. Sandy Valley LocalSchool Dist. (1989) 5th District App. No. 88AP090068 which holds that a property owner who voluntarily chooses to remove a natural accumulation of ice or snow and knowingly creates a more dangerous condition may be considered negligent. However, the case of France, supra, is factually distinguishable from the present case.
 {¶ 28} In the case of France, supra, this Court relied upon Stinsonv. Cleveland Clinic Found. (1987), 37 Ohio App.3d 146, 148,524 N.E.2d 898. The property in question in the Stinson case was on an incline. The court in this case held that a genuine issue of fact remained as to whether an increased hazard was created when the appellee plowed the snow from the sidewalk onto the grass abutting the sidewalk, which grass was on a graded incline. Due to the "freeze and thaw" cycle, the melted snow flowed from the grass onto the walkway and allegedly created a non-natural accumulation of ice.
 {¶ 29} In the case before us, there is nothing in the record to suggest that the property was on an incline or that any cleared snow which may have been piled near the ice patch on which Appellant slipped had thawed and then frozen. It is undisputed that the weather conditions remained the same during the time in which Appellants were in the restaurant. In fact, it is undisputed that the temperature never went above 19.4° Fahrenheit all day.
 {¶ 30} In Myers v. Forest City Ent., Inc. (1993), 92 Ohio App.3d 351,354, 635 N.E.2d 1268, this Court held that "[m]elting snow that refreezes into ice is natural, not an unnatural accumulation of ice" citing Kinkey v. Jewish Hosp. Assoc. of Cincinnati (1968),16 Ohio App.2d 93, 45 O.O.2d 267, 242 N.E.2d 352. Moreover, "prior shoveling or salting does not render subsequent accumulations of ice to be unnatural." Klein v. Ryan's Family Steak House, 9th Dist. No. 200683, 2002-Ohio-2323. The fact that an owner or occupier has attempted to clear a sidewalk of snow or ice will not, in and of itself, change a natural accumulation of snow into an unnatural one. See Owens v. French VillageCo. (Aug. 18, 1999), 9th Dist. No. 98CA0038, at 5. Therefore, the mere fact that Cracker barrel salted the sidewalk and then allowed the sidewalk to freeze again does not turn the natural accumulation of snow and ice into an accumulation that is unnatural. Accordingly, the ice and snow on the sidewalk was a natural accumulation, and Cracker Barrel did not owe Appellants a duty to remove it.
 {¶ 31} Appellants cannot point to any facts in the record that support the theory that the manner in which Cracker Barrel had cleared the parking lot created a more dangerous condition. Therefore, the only conclusion reasonable minds could reach, construing the facts in Appellants' favor, was that Appellant slipped on a natural accumulation of ice.
 {¶ 32} We therefore find Cracker Barrel was entitled to judgment as a matter of law, and the trial court did not err when it granted Cracker Barrel's motion for summary judgment.
 {¶ 33} Appellant's assignments of error are overruled.
 {¶ 34} The judgment of the Richland County Court of Common Pleas is affirmed.
Boggins, J. Edwards, J. concurs separately Hoffman, P.J. dissents