DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Michael McGowan, appeals from the judgment of the Summit County Court of Common Pleas which granted summary judgment in favor of Appellees, Crossroads Land Co. and Crossroads Management Co. We affirm.
 {¶ 2} During February 1999, Appellant slipped on an accumulation of ice in a parking lot owned and/or managed by Appellees, suffering broken ribs and other injuries. Appellant subsequently filed a negligence suit against Appellants and an additional John Doe defendant. On July 30, 2003, Appellees filed a motion for summary judgment, which the trial court granted on December 11, 2003. After dismissing the remaining John Doe defendant, who was not a party to the summary judgment, Appellant timely appealed to this Court, raising three assignments of error for our review. For ease of discussion, we will address all assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred in granting summary judgment in favor of [Appellees]."
 ASSIGNMENT OF ERROR II
"The trial court erred in finding that [Appellant's] injuries were due to a natural accumulation of snow."
 ASSIGNMENT OF ERROR III
"The trial court erred in finding that [Appellees] did not have superior knowledge of the hazardous condition [of] the parking lot."
 {¶ 3} In his three assignments of error, Appellant asserts that the trial court erred in granting summary judgment to Appellees. Specifically, Appellant contends that the accumulation of ice upon which he slipped was an unnatural accumulation of which Appellees had superior knowledge, rendering them negligent for failing to correct the issue. Appellant further alleges that the trial court incorrectly "chose to quibble with the affidavits [of Appellant] and disregarded the unchallenged facts contained therein." We disagree.
 {¶ 4} Summary judgment is proper under Civ.R. 56(C) if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
This court reviews the trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Any doubt must be resolved in the favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 5} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden then shifts to the non-moving party to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 6} "[I]n Ohio a property owner owes no duty to a business invitee to remove natural accumulations of snow and ice from sidewalks, steps, and parking lots." (Citations omitted.) Klein v. Ryan's Family SteakHouse, 9th Dist. No. 20683, 2002-Ohio-2323, at ¶ 10. Due to the open and obvious nature of natural accumulations of ice and snow, a business invitee has a duty to discover and protect himself from those dangers.Goodwill Indus. of Akron v. Sutcliffe (Sept. 13, 2000), 9th Dist. No. 19972, at 4, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph two of the syllabus. A property owner, however, may be liable for injuries sustained from unnatural accumulations of ice and snow created by an act of the owner which aggravates or perpetuates any preexisting hazard. (Citations omitted.) Klein at ¶ 10. A property owner may also be liable for injuries related to natural accumulations of ice and snow if he has superior knowledge of an injury causing hidden danger. Goodwill,
supra, at 7.
 {¶ 7} Appellant in this instance may overcome summary judgment by offering evidence that (1) the ice upon which he slipped was an unnatural accumulation, or (2) that Appellees had superior knowledge of an injury causing natural accumulation of snow or ice. The undisputed facts of the case indicate that Appellant, a tenant in Appellees' building since 1991, admitted that he had never previously experienced any difficulty in traversing the parking lot. On his walk from the parking lot to the office building one cold February morning, Appellant slipped and fell on a patch of translucent ice created by runoff from a pile of snow plowed on top of a set of concrete wheel stops. The ice filled a small depression, no deeper than an inch, in the parking lot which Appellant did not even notice until after he fell. Appellant blamed the accumulation of ice in the shallow depression on improper drainage within the parking lot as well as the failure of Appellees to properly plow and de-ice the parking lot. Another tenant of the building stated that, while the lot was usually well plowed and salted, he did not believe the lot had been properly salted and plowed that morning. Appellant admitted, however, that no new snow had fallen that morning necessitating additional plowing.
 {¶ 8} According to affidavits offered by Appellant: (1) Appellees had assumed the duty to remove snow and ice from the parking lot; (2) Appellees "had prior notice that the company they had hired to do the snow removal for them was doing so in an improper and negligent manner[;]" and (3) "the ice had accumulated on the parking lot, not because of minor defects, but because of serious problems with the lot, including pot holes, subsidence and * * * the improper placement of the wheel stops and snow on top of the wheel stops." Ultimately, Appellant contends that the accumulation of ice upon which he slipped was created by the actions of Appellees in improperly plowing snow on top of some wheel stops so that "the snow melt was directed in a way that made the ice accumulate where it shouldn't have."
 {¶ 9} The formation of ice resulting from the thawing of a plowed snow pile is a natural accumulation under Ohio law. McDonald v. Koger,150 Ohio App.3d 191, 2002-Ohio-6195, at ¶ 11; Klein at ¶ 12, 18. Even where snow is plowed onto elevated portions of a parking lot and that snow later melts, causing runoff which subsequently freezes into ice, such accumulation is still natural. McDonald at ¶ 11. The mere act of plowing does not transform a natural accumulation of ice into an unnatural one. Coletta v. University of Akron (1988), 49 Ohio App.3d 35, 37. Appellant alleges that the ice upon which he slipped resulted due to runoff from snow piled on top of concrete wheel stops which subsequently refroze in a shallow depression in the parking lot. Such an accumulation, without more, is a natural accumulation for which Appellees are not liable.
 {¶ 10} Appellant also argues that Appellees had superior knowledge of the accumulation of ice, rendering them liable for failing to remedy the issue. The evidence before us, however, states that Appellant slipped on a translucent patch of ice which was indiscernible to anyone absent very close inspection. While Appellees regularly contracted with a third party to plow and salt the parking lot, indicating that they understood the need to protect against any accumulation of ice, this general knowledge does not equate to superior knowledge of a specific, icy patch. SeeKlein at ¶ 19. Appellant failed to show that Appellees had knowledge of the icy patch on which he fell.
 {¶ 11} Appellant failed to offer evidence showing that the ice on which he fell was anything other than a natural accumulation caused by runoff from plowed snow pile, or that Appellees had superior knowledge of the existence of the icy patch. The trial court, therefore, properly granted summary judgment. We overrule Appellant's assignments of error.
 {¶ 12} We overrule Appellant's assignments of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J. concurs.