OPINION *Page 2 
{¶ 1} On February 25, 2005, appellant, Deborah Sprowl, was working for Dollar General Store located within the Valley Center Mall complex in Strasburg, Ohio. While on her way to the bank, appellant slipped and fell on ice in the parking lot, sustaining injuries.
 {¶ 2} On December 28, 2006, appellant, together with her husband, Kenneth Sprowl, filed a complaint against appellee, Green Acres Lawn Landscape, Inc., the contractor hired by the property management company, Giltz Associates, Inc., to maintain the property during the winter. Appellants alleged negligence, claiming appellee breached its duty to keep the property free from ice and slipping hazards.
 {¶ 3} On September 27, 2007, appellee filed a motion for summary judgment. By judgment entry filed November 6, 2007, the trial court granted the motion.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT/APPELLEE."
 I {¶ 6} Appellants claim the trial court erred in granting summary judgment to appellee. We disagree.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211: *Page 3 
 {¶ 8} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 10} Specifically, appellants argue the trial court erred in finding appellee did not breach any legal duty owed to appellants. Appellants present three questions for review: 1) Did appellee owe a duty to appellants to apply salt and sand to keep the parking lot free from ice and slipping hazards?; 2) Did appellee breach that duty by not timely salting the parking lot?; and 3) Did the breach proximately cause appellants' damages? For the following reasons, we answer these questions in the negative.
 {¶ 11} For purposes of summary judgment review, it is undisputed that appellant fell in the parking lot outside of her employment on an icy patch covered with a "dusting of snow." See, aff. of Christina Lynn White. The management of the mall where *Page 4 
appellant worked, Giltz Associates, Inc., had contracted with appellee for snow and ice removal. Neither appellant nor her employer was a party to the contract.
 {¶ 12} Appellants argue number 8 of the Snow Plowing and Removal Specifications guidelines attached to the Service Contract between Giltz and appellee created a duty to appellant as a third-party beneficiary to the contract:
 {¶ 13} "Contractor will be responsible for salt and sand applications to keep all areas free of ice and slipping hazards. This is to include, but not limited to, conditions where ice or frozen rain, but not snow, occur."
 {¶ 14} Appellants predicate their claims on the Supreme Court of Ohio cases Durham v. The Warner Elevator Mfg. Co. (1956), 166 Ohio St. 31, and Plank v. DePaul Cranes, Inc. (October 21, 1988), Montgomery App. No. 10486, and Prosser Keeton, Law of Torts (5 Ed. 1984) 667-668, Section 93.
 {¶ 15} In Durham, the defendant undertook a contractual duty to service and examine mechanical equipment. If the work was performed negligently or carelessly, a third-party had the right to bring an action against the defendant sounding in tort. In Plank, the defendant assumed a statutory duty under R.C. 4101.11 (duty of employer to protect employees and frequenters) and R.C. 4101.12 (duty of employer to provide safe place of employment). In each of these cases, the parties entered into a contract to perform a duty that was owed by the contractor (Giltz herein) to the complainant (appellant herein).
 {¶ 16} We note under Ohio law, Giltz did not owe appellant a duty to protect her from the natural accumulation of ice and snow: *Page 5 
 {¶ 17} "Snow and ice are part of wintertime life in Ohio.Lopatcovich v. Tiffen (1986), 28 Ohio St.3d 204, 503 N.E.2d 154. It is well-established in Ohio that the dangers from natural accumulation of ice and snow are ordinarily obvious enough that any landowner may reasonably expect an individual on the premises to act to protect themselves against such conditions. * * * Therefore, an owner or occupier owes no duty, even to a business invitee, to remove natural accumulations of ice or snow." Lehman v. Cracker Barrel OldCountry, Richland App. No. 2004-CV-0048, 2005-Ohio-370, ¶ 20. (Citations omitted.)
 {¶ 18} The Lehman court at ¶ 23 noted two exceptions to this rule:
 {¶ 19} "Thus, in order for a plaintiff to prevail on a negligence claim, he or she must produce evidence that either the natural accumulation of snow and ice was substantially more dangerous than could have been appreciated and that the owner knew or should have known this; or that the owner was actively negligent in permitting or creating an unnatural accumulation of ice and snow."
 {¶ 20} Appellants herein did not allege such claims.
 {¶ 21} We find because Giltz did not owe a duty to appellant, she could not be a third-party beneficiary to the snow removal contract between Giltz and appellee. The issues of foreseeability and proximate cause arise after the establishment of a duty owed. We are not permitted to look to foreseeability until a duty is established.
 {¶ 22} Upon review, we find the trial court did not err in granting summary judgment to appellee.
 {¶ 23} The sole assignment of error is denied. *Page 6 
 {¶ 24} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
 By Farmer, J. Gwin, P.J. and Wise, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. *Page 1