MYERS, Appellant,

v.

FOREST CITY ENTERPRISES, INC., Appellee.

[Cite as *Myers v. Forest City Ent., Inc.* (1993), 92 Ohio App.3d 351.]

Court of Appeals of Ohio,
Stark County.

No. CA–9129.

Decided April 29, 1993.

*Timothy B. Saylor,* for appellant.

*Weston Hurd Fallon Paisley & Howley, James L. McCrystal, Jr., William H. Baughman, Jr.* and *John G. Farnan,* for appellee.

SMART, Presiding Judge.

This is an appeal from a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant-appellee Forest City Enterprises, Inc. ("appellee") and against plaintiff-appellant Anna Mae Myers ("appellant") on her complaint for personal injuries that she allegedly sustained in a fall at the entrance to Canton Centre Mall which is owned and operated by appellee.

Appellant alleged that she fell on December 26, 1990. There had been no snowfall for several days, no precipitation of any kind that day, and the parking lot was only slightly damp. Appellant offered photographs of the sidewalk on which she had fallen, showing that there was an accumulation of ice on the sidewalk.

Appellee admitted that it had exclusive control over the premises and that it had undertaken to clean snow and ice from the premises on a daily basis throughout the winter.

Appellant assigns two errors to the trial court:

### Assignment of Error No. I

"The trial court erred in granting summary judgment when material issue of fact existed concerning: a) whether appellee, after affirmatively undertaking to remove snow and ice, did so negligently and aggravated an existing hazard, and b) whether the ice accumulation was a natural or unnatural accumulation."

### Assignment of Error No. II

"The trial court erred in overruling appellant's motion for reconsideration when appellee's own actions caused the delay which made necessary testimony unavailable until after the discovery deadline."

I

Civ.R. 56(C) states in pertinent part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   No evidence or stipulation may be considered except as stated in this rule.   A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

In its recent case of *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, the Supreme Court of Ohio held at paragraph three of the syllabus:

"A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. (*Celotex v. Catrett* [1986], 477 U.S. 317 [106 S.Ct. 2548, 91 L.Ed.2d 265], approved and followed.)"

■ Appellant's Loc.App.R. 4(D) statement asserts that the granting of summary judgment was inappropriate because there were material facts in dispute, namely, whether appellee, after affirmatively undertaking to remove snow and ice, did so negligently and thereby aggravated an existing hazard, and whether the ice accumulation was a natural or unnatural accumulation.

■ Although a land owner or occupier has no duty to its business invitees to remove natural accumulation of snow and ice from exterior walkways, if it undertakes to do so, it may not create a dangerous or unnatural accumulation of snow or ice, or be actively negligent in permitting one to exist on its property, *Lopatkovich v. Tiffin* (1986), 28 Ohio St.3d 204, 28 OBR 290, 503 N.E.2d 154. Here, there was evidence in the record that appellee employed a crew to examine and clean the sidewalks every morning.

■ Appellant urges that if appellee undertook to clean the sidewalks, and no new precipitation fell, then certainly the ice on which she fell must have been an unnatural or man-made condition.   In cases involving an unnatural accumulation of ice and snow, a plaintiff must show that the defendant created or aggravated the hazard, that the defendant knew or should have known of the hazard, and that the hazardous condition was substantially more dangerous than it would

have been in the natural state, *Porter v. Miller* (1983), 13 Ohio App.3d 93, 13 OBR 110, 468 N.E.2d 134. Melting snow that refreezes into ice is natural, not an unnatural accumulation of ice, see *Kinkey v. Jewish Hosp. Assoc. of Cincinnati* (1968), 16 Ohio App.2d 93, 45 O.O.2d 267, 242 N.E.2d 352. Appellant deposed several of appellee's employees, whose testimony demonstrated that appellee did undertake to clear the sidewalks every morning. One of those employees, Robin Cooper, deposed that the photograph, taken approximately one hour after appellant fell, did not depict the condition of the sidewalk as it existed after he had cleared it that morning. He hypothesized that perhaps passing automobiles had thrown water up on the sidewalk, where it had frozen. Cooper stated, "the vehicles could have splashed this back up on there, and mass area that we've got we're constantly moving around the building at all times, so anything can be going on in this half of the building while you're over here doing this half coming around."

While we agree with the appellant that the record does demonstrate an issue of fact regarding the source of the accumulation of ice, and whether it was natural or unnatural, nevertheless appellant has failed to present any evidence that appellee was negligent, or that it had notice of this hazard. In fact, the evidence shows the contrary, namely, that appellee could not constantly police the area and that the ice could have built up even though appellee was not negligent in its attempt to maintain the property.

We have reviewed the record, and find that appellant did not meet her burden of production of evidence pursuant to *Wing v. Anchor Media, supra.* Accordingly, we must conclude that the trial court did not err in granting summary judgment in favor of appellee.

The first assignment of error is overruled.

## II

■ In appellant's first set of interrogatories, dated February 18, 1992, she asked for the names of those persons responsible for the maintenance of the premises. Appellee provided the name of the snow-plowing service which plowed the parking lots. It did not disclose the names of the persons who worked on the sidewalks in common areas of the mall. On May 5, 1992, appellant submitted her second set of interrogatories, to which defendant responded on July 6, 1992. In response to the interrogatory asking for the names of the individuals who were responsible for clearing the sidewalks, appellee responded that it was "its maintenance personnel." The actual names of the employees were not furnished until much later. Appellant deposed the employees on August 11 and August 31, 1992, and the transcribed depositions were not available to meet the discovery

deadline of August 17, 1992. Appellant urges that appellee delayed discovery in order to prejudice her ability to prosecute her case.

Once appellant had secured the depositions and the additional evidence, she moved for a reconsideration of the summary judgment. The trial court overruled that motion for reconsideration.

First of all, we have reviewed the depositions of the employees, and find that they do not present sufficient evidence for appellant to survive the motion for summary judgment. See Part I, *supra.*

Further, the Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after final judgment in a trial court, see *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105; *State ex rel. Pajestka v. Faulhaber* (1977), 50 Ohio St.2d 41, 4 O.O.3d 113, 362 N.E.2d 263. A motion for relief from judgment pursuant to Civ.R. 60(B) would have vested the trial court with jurisdiction, but the motion for reconsideration did not.

The second assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County is affirmed.

*Judgment affirmed.*

READER, J., concurs.

HOFFMAN, J., concurs in part and dissents in part.

WILLIAM B. HOFFMAN, Judge, concurring in part and dissenting in part.

I concur in the majority's disposition of appellant's second assignment of error. However, I respectfully dissent from the majority's decision on the first assignment of error.

As expressly found by the majority, the record evidence relative to the motion for summary judgment, when considered using the required standard, creates a disputed issue of fact regarding the source of the accumulation of ice and whether that accumulation was natural or unnatural. Furthermore, I believe there exists a disputed fact as to whether appellee knew or should have known of this hazard and, if so known, whether appellee was negligent in not remedying the hazard or warning appellant of its existence. Though appellant may have an uphill battle demonstrating the same based on the preliminary evidence before us at summary judgment stage, it nevertheless was sufficient to withstand appellee's motion for summary judgment.

I would reverse the trial court and remand the matter for further proceedings according to law.