OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court
of Ohio are being transmitted electronically beginning May
27, 1992, pursuant to a pilot project implemented by Chief
Justice Thomas J. Moyer.
      Please call any errors to the attention of the
Reporter's Office of the Supreme Court of Ohio.
Attention:  Walter S. Kobalka, Reporter, or Deborah J.
Barrett, Administrative Assistant.  Tel.:  (614) 466-4961;
in Ohio 1-800-826-9010.  Your comments on this pilot
project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court
to the full texts of the opinions after they have been
released electronically to the public.  The reader is
therefore advised to check the bound volumes of Ohio St.3d
published by West Publishing Company for the final
versions of these opinions.  The advance sheets to Ohio
St.3d will also contain the volume and page numbers where
the opinions will be found in the bound volumes of the
Ohio Official Reports.

Brinkman et al., Appellees, v. Ross et al., Appellants.
[Cite as Brinkman v. Ross (1993),     Ohio St.3d     .]
Negligence -- Natural accumulations of ice and snow on
      sidewalks -- Homeowner has no common-law duty to
      remove or make less hazardous -- Homeowner has no
      duty to warn those who enter upon premises of the
      inherent dangers presented by the accumulations.
                           ---
A homeowner has no common-law duty to remove or make less
      hazardous a natural accumulation of ice and snow on
      private sidewalks or walkways on the homeowner's
      premises, or to warn those who enter upon the
      premises of the inherent dangers presented by natural
      accumulations of ice and snow.
                           ---
      (No. 92-1909 -- Submitted November 9, 1993 -- Decided
December 29, 1993.)
      Appeal from the Court of Appeals for Franklin County,
No. 91AP-1510.
      Richard and Nadine Ross, appellants, invited Carol
and Charles Brinkman, appellees, to visit them at their
home as social guests.  The Brinkmans accepted the
invitation for the evening of February 4, 1989.  Before
the Brinkmans were due to arrive, the private sidewalk
situated between appellants' driveway and residence became
hazardous to walk on due to a natural accumulation of ice
and snow.  Appellants knew of the hazardous condition, but
they took no steps to alleviate the condition or to warn
the Brinkmans of its existence.
      The Brinkmans and their daughter arrived at
appellants' residence on the evening of February 4, 1989,
and parked in appellants' driveway.  While walking on the
sidewalk between the driveway and appellants' home, Carol
Brinkman slipped on the snow-covered ice and fell,
sustaining serious injuries.  The fall was caused solely
by the natural accumulation of ice on the sidewalk, which

ice had been concealed from view by a natural accumulation of snow.  Immediately prior to the fall, Carol Brinkman had warned her daughter of the slippery condition of the sidewalk.

The Brinkmans filed suit against appellants in the Court of Common Pleas of Franklin County, alleging that appellants were negligent in maintaining "an ice-covered sidewalk concealed by a blanket of snow leading to the entranceway of [appellants'] residence."  Appellants responded to the complaint and eventually moved for summary judgment.  The trial court granted appellants' motion, finding that under "long-standing Ohio law there is no liability for failure to remove natural accumulations of ice and snow from sidewalks."

The court of appeals, in a divided vote, reversed the judgment of the trial court.  The court of appeals' majority held that when a homeowner knows of a hazardous condition on the homeowner's premises caused by a natural accumulation of ice and snow, and the homeowner expressly invites a social guest to visit the premises at an appointed time, the homeowner owes a duty to the guest to take reasonable steps to remove the hazard and to warn the guest of the dangerous condition.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

John S. Kuhn, for appellees.
John C. Nemeth and David A. Caborn, for appellants.
Murray & Murray, L.P.A., John T. Murray and Alicia Wolph, urging affirmance for amicus curiae, Ohio Academy of Trial Lawyers.

Douglas, J.     In Ohio, it is well established that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the private sidewalks on the premises, or to warn the invitee of the dangers associated with such natural accumulations of ice and snow.  In Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, 40 O.O.2d 52, 227 N.E.2d 603, paragraphs one and two of the syllabus, this court held that:

"1.  When the owner or occupier of business premises is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence.

"2.  The mere fact standing alone that the owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon."

In Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraphs one, two and three

of the syllabus, we held that:

"1.  An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.

"2.  The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them.  * * *

"3.  Ordinarily, an owner and occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps on his premises.  * * *"

The underlying rationale in both Debie and Sidle, supra, is that everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect themselves against the inherent risks presented by natural accumulations of ice and snow.

The case at bar involves the duty of a homeowner to a social guest with regard to natural accumulations of ice and snow on private sidewalks or walkways on the homeowner's premises.1  In our judgment, there is no reason why we should now hold that a homeowner owes a duty to his or her social guest to remove natural accumulations of ice and snow from sidewalks and walkways, or that the homeowner must warn the guest of the natural hazard, when a similar duty has not been imposed upon owners or occupiers of land with respect to business invitees. Furthermore, we agree with Judge McCormac's dissenting opinion in the court of appeals wherein he stated, "[t]he issue is not which party has the better appreciation of the snowy or icy condition of the sidewalk which was caused by the natural accumulation of snow and ice.  As a matter of law, the guest is charged with sufficient knowledge of the hazards to be required to protect herself against falls."  In other words, although appellants knew of the hazardous condition created by the natural accumulation of ice and snow, so, too, as a matter of law, did their guests.

Living in Ohio during the winter has its inherent dangers.  Recognizing this, we have previously rejected the notion that a landowner owes a duty to the general public to remove natural accumulations of ice and snow from public sidewalks which abut the landowner's premises, even where a city ordinance requires the landowner to keep the sidewalks free of ice and snow.  See Lopatkovitch v. Tiffin (1986), 28 Ohio St.3d 204, 206-207, 28 OBR 290, 292-293, 503 N.E.2d 154, 156-157.  It is unfortunate that Carol Brinkman slipped and fell on appellants' sidewalk. Perhaps appellants should have shoveled and salted the sidewalk as a matter of courtesy to their guests. However, we find that Ohio law imposed no such obligation upon appellants, and we are unwilling to extend homeowner liability to cover slip-and-fall occurrences caused

entirely by natural accumulations of ice and snow.  To hold otherwise would subject Ohio homeowners to the perpetual threat of (seasonal) civil liability any time a visitor sets foot on the premises, whether the visitor is a friend, a door-to-door salesman or politician, or even the local "welcome wagon."

We recognize that the court of appeals held that the duty to remove the ice and snow and to warn of the hazard applies only to a homeowner who is aware of the hazard presented by the natural accumulation of these elements, and who further expects an expressly invited guest to visit the premises at an appointed time.  However, even under these circumstances, questions of fact would arise necessitating trial in most cases involving the slip and fall of a social guest on natural accumulations of ice and snow.  Moreover, the effect of such a holding on the cost of insurance coverage alone weighs heavily in favor of our rejecting a radical extension of homeowner liability with regard to natural accumulations of ice and snow.

Accordingly, we hold that a homeowner has no common-law duty to remove or make less hazardous a natural accumulation of ice and snow on private sidewalks or walkways on the homeowner's premises, or to warn those who enter upon the premises of the inherent dangers presented by natural accumulations of ice and snow.  Therefore, appellants were entitled to judgment as a matter of law since their failure to remove the ice and snow, or to warn the Brinkmans of the natural hazard, does not give rise to a claim for negligence.

Amicus Ohio Academy of Trial Lawyers has invited us to abolish any and all distinctions that may currently exist in Ohio regarding the duties owed by landowners to those classified in the law as "social guests," as opposed to those classified as "business invitees."  However tempting that choice may be, we determine there is no distinction between the duties of a homeowner to a social guest on the one hand and to a business invitee on the other hand concerning natural accumulations of ice and snow on sidewalks or walkways on the homeowner's premises.  Whatever the classification of the entrant upon the premises, there exists no duty for the homeowner to remove or make less hazardous natural accumulations of ice and snow.  Thus, this particular case is not the appropriate vehicle to consider the position urged by amicus.

For the foregoing reasons, the judgment of the court of appeals is reversed.

                                        Judgment reversed.

Moyer, C.J., A.W. Sweeney, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.


FOOTNOTE:
1    This case involves the very narrow issue of a homeowner's liability to a social guest with respect to injuries occasioned by a slip and fall incident on a private sidewalk or walkway on the homeowner's premises resulting from a natural accumulation of ice and snow.

This case does not involve any other type of hazard or any other set of circumstances.  Therefore, while we take note that the court of appeals created an exception to the general rule of homeowner liability, which the court of appeals held to be applicable in all cases regardless of the hazard involved, we make no comment thereon.