OPINION
This is an appeal taken by Plaintiff-Appellant, William Saunders, from a judgment of the Court of Common Pleas of Union County granting summary judgment against him in an action for negligence due to a "slip and fall" in the common area of an apartment complex. For the reasons set forth below, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows:
 At approximately 8:00 a.m. on January 17, 1998, Appellant was leaving his daughter's residence at the Greenwood Colony Apartment Complex in Marysville, Ohio, after spending the night. Appellant had been at his daughter's apartment no more than five times prior to this particular occasion. Although there was no snow on the ground, the evidence shows that a fine rain or mist was falling outside that morning and the temperature was approximately 32 degrees Fahrenheit. As Appellant walked from the sidewalk to the parking lot area, he lost his footing and slipped on what has been described as a thin layer of "black ice". Appellant landed on his elbows and back and allegedly sustained injuries including a herniated disk, and numbness in his left leg.
This lawsuit was commenced as a result of the accident. On December 1, 2000, Appellant filed a complaint for negligence against Greenwood Colony; Cimmaron Corporation and Seyman Stern, Greenwood's general partners; and Foxboro Management Company, Greenwood's agent in charge of maintaining and operating the apartment complex (hereinafter collectively referred to as "the defendants"). The defendants answered the complaint, denying all material allegations. The case proceeded to the discovery phase, and the defendants eventually filed a joint motion for summary judgment on September 29, 2000. While the record demonstrates that Appellant filed a memorandum in opposition to the motion on October 16, 2000, the trial court entered summary judgment in the defendants' favor on October 23, 2000. Thereafter, the court then filed a nunc protunc entry on October 30, 2000, correcting a statement contained in the previous entry that Appellant failed to respond to the defendants' motion. Appellant then brought this timely appeal, asserting a single assignment of error for our review:
 The trial court erred in finding that there were no disputed issues of material fact and ruling that Defendants were entitled to summary judgment as a matter of law.
 As a preliminary matter, we must note the applicable standard for reviewing a motion for summary judgment made pursuant to Civ.R. 56. This Court considers the grant of summary judgment on a de novo basis. Grafton v. Edison Co. (1996), 77 Ohio St.3d 102, 105. Accordingly, an appellate court reviews the judgment independently and without deference to the findings of the trial court. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. It is well established that summary judgment is only appropriate in instances where no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law, and, when considering the evidence most favorably for the non-moving party, reasonable minds could only find in favor of the movant. See, e.g., Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686-687.
Furthermore, in order to demonstrate that summary judgment is warranted in any given case, the party seeking the relief must "specifically point to some evidence of the type listed in Civ.R. 56(C) [i.e., pleadings, depositions, answers to interrogatories, written admissions, and affidavits], which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v.Burt (1996), 75 Ohio St.3d 280, 293 (emphasis deleted). In the event that the moving party satisfies this initial burden, the non-movant cannot rest on the allegations contained in the pleadings, but must "set forth specific facts showing that there is a genuine issue for trial."Id.
To establish an actionable claim for negligence, a plaintiff must demonstrate duty, breach of that duty, and injury proximately caused by the breach. See Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The issue of whether a duty exists is a question of law for the court to determine. Id.
In this case, both sides presume that the defendants owed Appellant a duty of care. More particularly, the parties argue over the degree of care to which Appellant was entitled, claiming that this determination is based upon the common-law classifications of invitee, licensee, and trespasser under the law of premises liability. In its entry granting summary judgment, the trial court classified Appellant as a licensee. We disagree.
The decision announced by the Ohio Supreme Court in Shump v. FirstContinental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, is controlling on the issue of the level or degree of care that a landlord owes to a guest of the tenant. In resolving this issue, the Shump Court rejected the theory that the common law distinctions between invitee, licensee, and trespasser are dispositive in these cases. Rather, the court held that "[a] landlord owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant." [citations omitted] Shump,71 Ohio St.3d 414 at the syllabus. The common law distinctions continue to control only as to the relationship between the guest and the tenant.Id. at 417.
Generally, a landlord owes no legal duties to a tenant. Id. However, several exceptions to this common-law rule of immunity exist, one of which is when a landlord breaches a duty imposed by statute. Id. at 418. In Ohio, R.C. 5321.04 sets forth various statutory obligations for landlords. Because this statute requires landlords to adhere to a particular standard of care, the Ohio Supreme Court recently held that a violation of R.C. 5321.04 constitutes negligence per se. Sikora v.Wenzel (2000), 88 Ohio St.3d 493, 498.
Negligence per se means that the plaintiff has "conclusively established that the defendant breached the duty that he or she owed to the plaintiff." Id. at 496, quoting Chambers v. St. Mary's School
(1998), 82 Ohio St.3d 563, 565. Despite this, establishing negligenceper se does not automatically prove the landowner's liability. See, Id.
at 496. In clarifying its holding in the previous opinion announced inShroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, the Supreme Court held that a landlord will be excused from liability, even if the plaintiff can prove negligence per se through a statutory violation, if the landlord "neither knew nor should have known of the factual circumstances that caused the violation." Sirkora, 88 Ohio St.3d 493, at the syllabus.
With these principles in mind, we first observe R.C. 5321.04 (A)(3), which is most relevant to this case:
 (A) A landlord who is a party to a rental agreement shall do all of the following:
* * *
 (3) Keep all common areas of the premises in a safe and sanitary condition;
 In interpreting this statute, the Supreme Court of Ohio ruled that, "R.C. 5321.04(A)(3) does not impose a duty on landlords to keep common areas of the leased premises clear of natural accumulations of ice and snow." LaCourse v. Fleitz (1986), 28 Ohio St.3d 209, at the syllabus. This is primarily because the hazards associated with natural accumulations of ice and snow "are ordinarily so obvious and apparent that a landlord may reasonably expect that a tenant * * * will act to protect himself against them." Id., 28 Ohio St.3d at 210, quoting DeAmiches v. Popczun
(1973), 35 Ohio St.2d 180, paragraph one of the syllabus.
In contrast, a landlord does have a duty "to refrain from creating or allowing the creation of an unnatural accumulation of ice or snow, if that accumulation results in a condition that is substantially more dangerous than would have resulted naturally." Rampersaud v. MadisonDevelopment Co. (June 24, 1998), Lorain App. No. 97CA006768, unreported, at **3, citing Myers v. Forest City Enterprises, Inc. (1993),92 Ohio App.3d 351, 353-354. The Sixth Appellate District has established the following definition of "unnatural accumulation":
 "Unnatural" accumulation must refer to causes and factors other than the inclement weather conditions of low temperature, strong winds and drifting snow * * *. By definition, then, the "unnatural" is the man-made, the man-caused; extremely severe snow storms or bitterly cold temperatures do not constitute "unnatural" phenomena.
 Porter v. Miller (1983), 13 Ohio App.3d 93, 95 [emphasis deleted].
On appeal, Appellant argues that he slipped on an unnatural accumulation of ice due to the poor drainage conditions on the complex property, which allow water to run off the apartment roofs, onto the lawn, and eventually into the parking lot area. Even assuming, without deciding, that Appellant did slip on an unnatural accumulation of ice, he is still required to show that the condition was substantially more dangerous than it would have been in its natural state. See Myers,supra. There is nothing in the record to support this theory. Even if the water from the rooftops had not spilled out into the parking lot, the evidence indicates that it was raining and the temperature was around freezing on the morning of the accident. It logically follows then that same accumulation of black ice — a natural phenomena — would have occurred without the existing drainage system.
Furthermore, even if we presume that Appellant did demonstrate an issue of fact on the issues of duty and breach, we would still find that summary judgment was appropriate. As previously noted, a landlord is immune from liability, regardless of whether a plaintiff can show negligence per se through the breach of a statutory duty, if the landlord "neither knew nor should have known of the factual circumstances that caused the violation." Sikora v. Wenzel (2000), 88 Ohio St.3d 493, at the syllabus.
Herein, there is nothing to suggest that the defendants knew or should have known about the icy conditions in the parking lot. This is especially true in light of the fact that there had been no complaints about ice or requests to repair the drainage system prior to Appellant's accident.
Therefore, although we disagree with the trial court's analysis, our denovo review of the case leads us to believe that the court was correct in its ultimate determination to grant summary judgment. Accordingly, Appellant's only assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 HADLEY and SHAW, J.J., concur.