DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant, Shonda Abercrombie, appeals the December 14, 2004 judgment of the Lucas County Court of Common Pleas which granted summary judgment to defendant-appellee, Byrne-Hill Company Ltd., in a slip and fall case. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} The undisputed facts are as follows. On January 30, 2003, between 4:00 and 5:30 p.m., appellant arrived at the Byrne-Hill Shopping Center ("Byrne-Hill") to collect an insurance premium from a client and to solicit business from other Byrne-Hill tenants in connection with her employment as a sales agent for American General — AIG Life Insurance Company. Appellant had been to Byrne-Hill on prior occasions.
 {¶ 3} In her deposition, appellant described the day as "wintry" with falling temperatures and condensation in the air. There was snow on the ground and piles of plowed snow in the parking lot. Appellant was wearing above-the-ankle snow boots.
 {¶ 4} Appellant parked her vehicle in the first spot which was perpendicular to the nail salon; although appellant was unsure of the order, she picked up the nail salon's premium and was soliciting other businesses. At some point, appellant returned to her vehicle to get some information for a potential client; she obtained the materials, stepped up onto the sidewalk with her right foot and, while attempting to put her left foot down, she slipped on some ice and fell sustaining injuries.
 {¶ 5} On January 9, 2004, appellant filed a complaint alleging that appellee failed to exercise reasonable care for her safety by permitting an unnatural accumulation of ice to form on the premises. In its answer, appellee denied knowledge of the hazard and stated that appellant's fall was caused by a natural accumulation of ice and snow.
 {¶ 6} On September 3, 2004, appellee filed its motion for summary judgment arguing that appellee had no duty to remove or warn of the alleged unsafe condition because: (1) appellant was, at best, a licensee; (2) the alleged unsafe condition was caused by a natural accumulation of ice; and (3) that appellant had prior knowledge of the unsafe condition.
 {¶ 7} In response, appellant asserted that the ice on the sidewalk had formed due to water dripping from an overhead canopy and it was, thus, an unnatural accumulation. Appellant further argued that she was a business invitee at the time of her fall.
 {¶ 8} On December 14, 2004, the trial court granted appellee's motion for summary judgment based upon its determination that appellant's fall was due to a natural accumulation of ice. This appeal followed.
 {¶ 9} Appellant has submitted the following assignment of error:
 {¶ 10} "The trial court committed reversible error when it granted defendant's motion for summary judgment finding that the ice at issue in this case was a natural accumulation."
 {¶ 11} We first note that appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. Of Commrs.
(1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidenceost strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Civ. R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294,1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E).
 {¶ 12} Appellant contends that the trial court erroneously concluded that the ice at issue was caused by a natural accumulation. In reviewing appellant's argument, we will presume that the trial court properly categorized appellant as a business invitee.[1] Ordinarily, an owner or occupier of land owes no duty to business invitees to remove natural accumulations of ice and snow or to warn invitees of the dangers associated with natural accumulations of ice and snow. Brinkman v. Ross
(1993), 68 Ohio St.3d 82, 83-84, 1993-Ohio-72, citing Debie v. CochranPharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, and Sidle v. Humphrey
(1968), 13 Ohio St.2d 45. In Porter v. Miller (1983), 13 Ohio App.3d 93, the court defined an "unnatural" ice and snow accumulation as follows:
 {¶ 13} "`Unnatural' accumulation must refer to causes and factorsother than the inclement weather conditions of low temperature, strong winds and drifting snow, i.e., to causes other than the meteorological forces of nature. By definition, then, the `unnatural' is the manmade, the man-caused; extremely severe snow storms or bitterly cold temperatures do not constitute `unnatural' phenomena." (Emphasis in original.) Id. at 95.
 {¶ 14} Further, snow which melts and later re-freezes into ice is considered a natural accumulation. Myers v. Forest City Ent., Inc.
(1993), 92 Ohio App.3d 351, 354, citing Kinkey v. Jewish Hosp. Assn.
(1968), 16 Ohio App.2d 93.
 {¶ 15} In order to prevail on an unnatural accumulation claim, a plaintiff must demonstrate "that the defendant created or aggravated the hazard, that the defendant knew or should have known of the hazard, and that the hazardous condition was substantially more dangerous than it would have been in the natural state." (Citation omitted.). Id. at 353-354.
 {¶ 16} In support of her argument, appellant relies on Tyrrell v.Invest. Assoc., Inc. (1984), 16 Ohio App.3d 47. In Tyrell, the plaintiff fell on an icy patch in front of a drug store; he sued the building owner and the drug store for damages. The plaintiff argued that a defect in the canopy caused melting snow and water to drip onto the sidewalk. Id. at 48. At trial, the plaintiff presented the testimony of a store employee who had "been aware for several years that water occasionally dripped from the edge of the canopy and formed ice in front of the store." Id. Further, an expert witness testified about the defects in the canopy. Id. The trial court granted defendant drug store's motion for a directed verdict and the jury found that the plaintiff and the building owner were equally at fault. Id. at 47.
 {¶ 17} The appellate court concluded that the trial court erroneously directed a verdict in favor of the defendant drug store. In its decision, the court noted that "the building owner was generally responsible for the condition of the building canopy * * *." Id. at 49. The court further noted that the drug store employees knew of the hazard and were "in a better position to foresee and prevent the resulting hazard than its business invitees." Id.
 {¶ 18} After carefully reviewing Tyrell and the relevant case law, we conclude that Tyrell is distinguishable from the present facts. First, this action involves the property owner, not the proprietor of the nail salon. Next, there was no evidence presented that the canopy was defective. Finally, although the affidavit of Jewel Delrue, an employee of the check cashing store next to the nail salon, did state that Ms. Delrue was aware of snow melting off the awnings onto the sidewalk and forming ice, there is no evidence that the property owner had knowledge of the hazard or created the hazard. As stated above, snow that melts and later re-freezes is considered a natural accumulation. Myers v. ForestCity Ent., Inc., 92 Ohio App.3d at 354. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 19} On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. Concur.
[1] Although appellant's classification, whether business invitee or licensee, does not affect our decision; arguably, once appellant finished her business with the nail salon and began soliciting clients, her status changed from a business invitee to a licensee. See Gladdon v. GreaterCleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312.