[Cite as *Thomas v. Ohio Univ.*, 2011-Ohio-1946.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WESLEY THOMAS

     Plaintiff

     v.

OHIO UNIVERSITY

     Defendant

     Case No. 2010-07776-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, Wesley Thomas, filed this action against defendant, Ohio University (OU), contending that his 2000 Ford Taurus was damaged as a proximate cause of negligence on the part of OU personnel in maintaining campus premises free of hazardous conditions. Plaintiff explained that he parked his vehicle at the Gamertsfelder Vending parking lot adjacent to defendant's Gamertsfelder Hall building at approximately 11:00 a.m. on February 12, 2010 and that when he returned to the parking lot he discovered that his car had been pelted from chunks of ice and snow that had fallen from the roof of Gamertsfelder Hall. Plaintiff advised that the hood and roof of his car were dented in multiple areas by the falling ice and snow. In his complaint, plaintiff requested damage recovery in the amount of $2,078.46, the estimated cost of automotive repair. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant did not dispute plaintiff's explanation of the cause of the damage to his automobile. However, defendant denied liability in this matter based on the argument that the facts of this claim do not support the contention that plaintiff's property damage was proximately caused by any breach of a duty on the part of OU

personnel to remove snow and ice from campus buildings. The evidence available tends to indicate that plaintiff's property damage was the result of a natural accumulation of ice and snow and consequently, OU was not charged with any duty to protect plaintiff from hazards normally associated with such natural accumulations. See *Brinkman v. Ross* (1993), 68 Ohio St. 3d 82, 1993-Ohio-72, 623 N.E. 2d 1175.

{¶ 3} In order to establish a negligence claim, a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 680, 1998-Ohio-602, 693 N.E. 2d 271. With respect to the duty of a property owner or occupier in a premises liability negligence case such as this one, Ohio adheres to the common law classifications of invitee, licensee, and trespasser. *Gladon v. Greater Cleveland Regional Transit. Auth.*, 75 Ohio St. 3d 312, 315, 1996-Ohio-137, 662 N.E. 2d 287. An invitee is one who enters the premises of another by invitation for some purpose that is beneficial to the owner or occupier. *Gladdon*, at 315. A licensee is one who enters property with the owner or occupier's permission or acquiescence for purposes beneficial to the licensee and not the owner or occupier. *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St. 3d 265, 551 N.E. 2d 1257. A trespasser is one who enters property without invitation or permission, purely for his or her own purposes or convenience. *McKinney v. Hartz & Restle Realtors, Inc.* (1987), 31 Ohio St. 3d 244, 246, 31 OBR 449, 510 N.E. 2d 386.

{¶ 4} With respect to an invitee, a property owner or occupier owes a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Light v. Ohio Univ.* (1986), 28 Ohio St. 3d 66, 68, 28 OBR 165, 502 N.E. 2d 611. With respect to a licensee or a trespasser, a property owner or occupier owes no duty except to refrain from willful or wanton misconduct that is likely to injure the licensee or trespasser. *Gladon*, at 317. To constitute willful and wanton misconduct, an act must demonstrate heedless indifference to or disregard for others in circumstances where the probability of harm is great and is known to the actor. *Combs v. Baker,* Butler App. No. CA2001-01-020, 2001-Ohio-8650; *Rinehart v. Fed. Natl. Mtge. Assn.* (1993), 91 Ohio App. 3d 222, 229, 632 N.E. 539.

{¶ 5} The rights of an invitee are not absolute, but are limited by the scope of the invitation. *Gladon* at 315. If an invitee goes beyond the area that is reasonably

considered to be part of the invitation, the invitee loses invitee status and becomes either a licensee or a trespasser, depending on whether he or she is there with the permission of the owner or occupier of the property. Id.; *Conniff v. Waterland, Inc.* (1997), 118 Ohio App. 3d 647, 651, 693 N.E. 2d 1127. The invitation includes the use of parts of the premises as the visitor reasonably believes is held open to him. *Wanko v. Downie Productions, Inc.* (Aug. 24, 2000), Franklin App. No. 99AP-1047. Determining the scope of the invitation is an objective inquiry based on how a reasonable person would interpret "the purpose for which the land is held open or the particular business purpose for which the invitation is extended." *Wanko*, citing *Coniff*. Defendant, in the instant claim, pointed out that plaintiff "was a visitor to the Ohio University campus" at the time of his property damage incident. Plaintiff did not offer any evidence explaining his purpose for coming to defendant's campus.

**{¶ 6}** The evidence presented in the instant claim tends to establish plaintiff maintained the status in a premises liability claim of a licensee. Under existing case law, a licensor does not owe a licensee any duty except to refrain from wilfully injuring him and not to expose him to any hidden danger, pitfall, or obstruction. If the licensor knows such danger is present, the licensor must warn the licensee of this danger which the licensee cannot reasonably be expected to discover. *Salemi v. Duffy Construction Corporation* (1965), 3 Ohio St. 2d 169, 32 O.O. 2d 171, 209 N.E. 2d 566.

**{¶ 7}** "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, *** (a) the possessor knows or has reason to know of the condition and should realize that it involved an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and *** (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensee of the condition and the risk involved, and *** (c) the licensees do not know or have reason to know of the condition and the risk involved." 2 Restatement of the Law 2d, Torts (1965), Section 342.

**{¶ 8}** Based on the evidence in the present claim, the court concludes the snow and ice that damaged plaintiff's car was a natural accumulation. See *Peyton v. Univ. of Akron*, Ct. of Cl. No. 2005-08808-AD, 2006-Ohio-7212. Regardless of plaintiff's status, defendant owed no duty to remove natural accumulations of snow and ice under circumstances where no evidence has been offered that defendant had superior

knowledge that the natural accumulation created a substantially more dangerous condition than could have reasonably been anticipated by plaintiff. *Peyton.* Plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WESLEY THOMAS

     Plaintiff

     v.

OHIO UNIVERSITY

     Defendant

     Case No. 2010-07776-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
MILES C. DURFEY
Clerk

Entry cc:

| | |
|---|---|
| Wesley Thomas | George T. Wendt |
| 51525 Betts Road | Ohio University |
| Wellington, Ohio  44090 | HDL Center 166H |
| | Athens, Ohio  45701 |

RDK/laa
11/17
Filed 1/28/111
Sent to S.C. reporter 4/15/11