[Cite as *Burskey v. Malabar Farm State Park*, 2011-Ohio-4787.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM S. BURSKEY

    Plaintiff

    v.

MALABAR FARM STATE PARK

    Defendant

    Case No. 2011-02301-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}    On February 3, 2011, plaintiff, William Burskey, suffered property damage when ice fell from a building owned by defendant, Malabar Farm State Park, and struck the  parked car plaintiff's wife was driving.  Specifically, the hood and both front fenders were damaged by ice falling from the roof of defendant's visitor's center where plaintiff's wife was working.  Plaintiff's wife submitted a statement wherein she related that "I have witnessed several times in the past that snow & ice has fallen from the roof and on the particular day that it fell on my vehicle it was only 20° and because of the low temperature I did not have any idea that this would happen.  I parked in my regular parking area that is provided for employees."  Plaintiff contended the car was damaged as a proximate result of negligence on the part of defendant in maintaining a dangerous condition on state park premises.  Consequently, plaintiff filed this complaint seeking to recover $2,124.24 for repairing the vehicle, the cost of car rental, and reimbursement of the filing fee.  The $25.00 filing fee was paid.

{¶2}    Defendant denied any liability in this matter.  Defendant pointed out plaintiff's wife "was aware of the open and obvious condition of ice sliding off the

overhanging eaves of the visitor center and could have taken precaution to protect against the potential dangers of this known condition." Therefore, the state park was not charged to protect plaintiff from hazards that were open and obvious.

{¶3} An owner of land generally owes a duty to individuals such as plaintiff to maintain the premises in a reasonably safe condition. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St. 3d 203, 18 OBR 267, 480 N.E. 2d 474. However, a land owner ordinarily owes no duty to business invitee plaintiffs to remove natural accumulations of ice and snow on the premises or to warn the invitees of dangers associated with these natural accumulations. *Brinkman v. Ross*, 68 Ohio St. 3d 82, 1993-Ohio-72, 623 N.E. 2d 1175. Everyone is assumed to appreciate the risks presented by such snow and ice accumulations and consequently, everyone is expected to bear responsibility for protecting himself from such risks presented by natural accumulations of ice and snow. *Brinkman*.

{¶4} Conversely, liability may result if the premises owner permits an unnatural accumulation of ice or snow to exist. See *Lopatkovich v. City of Tiffin* (1986), 28 Ohio St. 3d 204, 207, 28 OBR 290, 503 N.E. 2d 154; *Tyrrell v. Investment Associates, Inc.* (1984), 16 Ohio App. 3d 47, 16 OBR 50, 474 N.E. 2d 621. In *Porter v. Miller* (1983), 13 Ohio App. 3d 93, 13 OBR 110, 468 N.E. 2d 134, the court clarified the distinction between an unnatural and natural snow accumulation stating: "'Unnatural' accumulation must refer to causes and factors other than inclement weather conditions of low temperatures, strong winds and drifting snow, i.e., to causes other than meteorological forces of nature. By definition, then, the 'unnatural' is the man-made, the man-caused; extremely severe snow storms or bitterly cold temperatures do not constitute 'unnatural' phenomena." at pg. 95.

{¶5} In *Myers v. Forest City Enterprises, Inc.* (1993), 92 Ohio App. 3d 351, 635 N.E. 2d 1268 appeal dismissed, 69 Ohio St. 2d 1213, 1994-Ohio-408, 633 N.E. 2d 1136, the court further addressed the state of unnatural accumulations, noting: "In cases involving an unnatural accumulation of ice and snow, a plaintiff must show that the defendant created or aggravated the hazard, that the defendant knew or should have known of the hazard, and that the hazardous condition was substantially more dangerous than it would have been in the natural state. (Citations omitted.) Melting snow that refreezes into ice is natural, not an unnatural accumulation of ice." at pgs.

353-354.

{¶6}   Based on the evidence in the instant claim, the court concludes the ice and snow that damaged plaintiff's car was a natural accumulation.   Ordinarily, defendant would be relieved from legal liability for injury resulting from this natural occurrence.   However, there are exceptions to this general rule.   If the landowner is shown to have had notice, actual or implied, that a natural accumulation of snow and ice on the premises has created a condition substantially more dangerous than an invitee should have anticipated by reason of the knowledge of conditions prevailing generally in the area, negligence may be shown.   *Paschal*; *Gober v. Thomas & King, Inc.* (June 27, 1997), Montgomery App. No. 16248.   Ohio's freeze and thaw cycles, which commonly cause icy conditions, are natural accumulations absent a showing of negligence on the part of the landowner.   *Hoenigman v. McDonald's Corp.* (Jan. 11, 1990), Cuyahoga App. No. 56010.   For liability to attach the landowner must have some superior knowledge of the condition.   *LaCourse v. Fleitz* (1986), 28 Ohio St. 3d 209, 28 OBR 294, 503 N.E. 2d 159.   Insufficient evidence supporting this proposition has been presented.   Plaintiff, in the present claim, has failed to establish defendant owed him a duty to remove natural accumulations of snow and ice from the visitor's center. Therefore, absent a duty, negligence cannot be proven.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM S. BURSKEY

    Plaintiff

    v.

MALABAR FARM STATE PARK

    Defendant

    Case No. 2011-02301-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

                             _____
                             DANIEL R. BORCHERT
                             Deputy Clerk

Entry cc:

| | |
|---|---|
| William S. Burskey | Charles G. Rowan |
| 3579 Schrack Road | Department of Natural Resources |
| Lucas, Ohio 44843 | 2045 Morse Road, D-3 |
| | Columbus, Ohio 43229-6693 |

SJM/laa
5/17
Filed 6/17/11
Sent to S.C. reporter 9/21/11