[Cite as *Fitting v. Ohio Dept. of Transp.*, 2011-Ohio-6880.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHRISTINE FITTING

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-05165-AD

Acting Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1} Plaintiff, Christine Fitting, alleges that on March 8, 2011, she suffered property damage when ice fell from a building owned by defendant, Ohio Department of Transportation (ODOT), and struck her car while it was parked near the building. Specifically, plaintiff claims she parked in her usual spot and that ice slid "off of building and put a 2" to 3" dent in my right rear hatch next to glass." Plaintiff implied her car was damaged as a proximate result of negligence on the part of defendant in maintaining a dangerous condition on the premises. Consequently, plaintiff filed this complaint seeking to recover $446.51, the cost for repairs to the vehicle and reimbursement of the filing fee. The $25.00 filing fee was paid.

{¶2} Defendant denied any liability in this matter. Defendant contended that plaintiff waited a week before notifying anyone of the event and that upon inspection of the premises, ODOT employees were unable to locate any accumulation of ice and snow on the roof of the building or on the parking lot surface. In addition, defendant submitted a photograph of the building which depicts the roof, gutters, and downspout adjacent to a parking area.

{¶3} An owner of land generally owes a duty to individuals such as plaintiff to

maintain the premises in a reasonably safe condition. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St. 3d 203, 18 OBR 267, 480 N.E. 2d 474. However, a land owner ordinarily owes no duty to business invitee plaintiffs to remove natural accumulations of ice and snow on the premises or to warn the invitees of dangers associated with these natural accumulations. *Brinkman v. Ross*, 68 Ohio St. 3d 82, 1993-Ohio-72, 623 N.E. 2d 1175. Everyone is assumed to appreciate the risks presented by such snow and ice accumulations and consequently, everyone is expected to bear responsibility for protecting herself from such risks presented by natural accumulations of ice and snow. *Brinkman*. Ohio's freeze and thaw cycles, which commonly cause icy conditions, are natural accumulations absent a showing of negligence on the part of the landowner. *Hoenigman v. McDonald's Corp.* (Jan. 11, 1990), Cuyahoga App. No. 56010.

{¶4} Conversely, liability may result if the premises owner permits an unnatural accumulation of ice or snow to exist. See *Lopatkovich v. City of Tiffin* (1986), 28 Ohio St. 3d 204, 207, 28 OBR 290, 503 N.E. 2d 154; *Tyrrell v. Investment Associates, Inc.* (1984), 16 Ohio App. 3d 47, 16 OBR 50, 474 N.E. 2d 621. In *Porter v. Miller* (1983), 13 Ohio App. 3d 93, 13 OBR 110, 468 N.E. 2d 134, the court clarified the distinction between an unnatural and natural snow accumulation stating: "'Unnatural' accumulation must refer to causes and factors other than the inclement weather conditions of low temperatures, strong winds and drifting snow, i.e., to causes other than meteorological forces of nature. By definition, then, the 'unnatural' is the man-made, the man-caused; extremely severe snow storms or bitterly cold temperatures do not constitute 'unnatural' phenomena." at page 95.

{¶5} In *Myers v. Forest City Enterprises, Inc.* (1993), 92 Ohio App. 3d 351, 635 N.E. 2d 1268 appeal dismissed, 69 Ohio St. 2d 1213, 1994-Ohio-408, 633 N.E. 2d 1136, the court further addressed the state of unnatural accumulations, noting: "In cases involving an unnatural accumulation of ice and snow, a plaintiff must show that the defendant created or aggravated the hazard, that the defendant knew or should have known of the hazard, and that the hazardous condition was substantially more dangerous than it would have been in the natural state (citations omitted). Melting snow that refreezes into ice is natural, not an unnatural accumulation of ice." at page 353-354.

{¶6} Based on the evidence in the instant claim, the court concludes defendant breached no duty of care owed to plaintiff. See *Thomas v. Ohio University*, Ct. of Cl.

No. 2010-07776-AD, 2011-Ohio-1946.   Plaintiff, in the present claim, has failed to establish her car was damaged while parked at defendant's facility.   Furthermore, even assuming the car was damaged by ice and snow falling from defendant's roof, plaintiff failed to establish that defendant owed her a duty to remove natural accumulations of snow and ice from the roof of the building.   Therefore, absent a duty, negligence cannot be proven.



Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHRISTINE FITTING

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-05165-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Christine Fitting
2631 W. 9th Street
Ashtabula, Ohio 44004

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
8/1
Filed 8/10/11
Sent to S.C. reporter 1/3/12