[Cite as *Schnell v. Target Corp.*, 2017-Ohio-993.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Lee Schnell, et al.

Court of Appeals No. E-16-039

Appellants

Trial Court No. 2015-CV-0005

v.

Target Corporation, et al.

**DECISION AND JUDGMENT**

Appellees

Decided: March 17, 2017

* * * * *

Matthew Hawley, for appellants.

James W. Hart, for appellees.

* * * * *

**JENSEN, P.J.**

## I. Introduction

{¶ 1} Appellants, Lee and Debra Schnell, appeal the judgment of the Erie County

Court of Common Pleas, granting summary judgment in favor of appellees, Target

Corporation, Sanmarco Corporation, and Sandusky Pavilion, on appellant's premises liability claim stemming from a slip and fall accident that occurred on appellees' property. We affirm.

## A. Facts and Procedural Background

{¶ 2} On January 5, 2015, appellants filed a complaint against appellees in which they alleged that Lee was injured on January 7, 2013, when he slipped and fell on ice in the parking lot of a Target store located at 4020 Milan Road, Sandusky, Ohio. Appellants alleged that the ice on which Lee fell was "an unnatural accumulation of ice and [appellees] were negligent in failing to exercise ordinary or reasonable care to correct or prevent said hazard and, thereby, maintain the premises in a reasonably safe manner." Appellants also alleged that appellees were negligent in failing to warn them of the "unsafe and dangerous conditions" on appellees' property. As a result of Lee's "permanent and disabling" injuries, appellants sought damages from appellees in excess of $25,000.

{¶ 3} On February 6, 2015, appellees filed their answer, in which they generally denied appellants' allegations and asserted several affirmative defenses. The matter proceeded through discovery, during which appellants' depositions were taken. Thereafter, appellees filed a motion for summary judgment, in which they argued that summary judgment was proper because appellants failed to produce evidence establishing the cause of Lee's fall. Further, appellees asserted that they were entitled to summary

2.

judgment because Lee acknowledged during his deposition that the ice upon which he fell had occurred naturally.

{¶ 4} On December 17, 2015, appellants filed their memorandum in opposition to appellees' motion for summary judgment. In their memorandum, appellants argued that Lee's deposition testimony established that the fall was caused by ice that was present on the pavement in the Target parking lot. Moreover, appellants contended that the ice was not naturally occurring since the photographs of the scene of the fall show that the parking lot had been plowed and/or treated prior to the fall. Thus, appellants argued that summary judgment in appellees' favor was improper.

{¶ 5} Upon consideration of the foregoing, the trial court issued its decision on appellees' motion on May 3, 2016. In its decision, the trial court found that there was sufficient evidence to establish that Lee's fall was caused by ice. However, the court found that the evidence demonstrated that the ice on which Lee fell was naturally-occurring. The court noted appellants' deposition testimony wherein they acknowledged that the ice was formed by the thaw and re-freeze cycle of snow from an adjacent snow bank created when the snow was initially removed from the parking lot surface. Consequently, the trial court granted appellees' motion for summary judgment.

### B. Assignment of Error

{¶ 6} On appeal, appellants assign the following error for our review:

The Trial Court Erred in Granting Summary Judgment in Favor of Defendants in the Judgment Entry of May 12, 2016.

3.

## II. Analysis

{¶ 7} In appellants' sole assignment of error, they argue that the trial court erred in granting appellees' motion for summary judgment.

{¶ 8} We review the grant of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 9} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). In doing so, the moving party must point to some evidence in the record in the form of "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C); *Dresher* at 292-293. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Id.* at 293.

4.

{¶ 10} In a negligence action, a plaintiff must prove (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶ 11} The scope of a landowner's legal duty depends upon the status of the entrant. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996). In this case, the parties agree that Lee was a business invitee. A landowner ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the premises, or to warn invitees of the dangers associated with such natural accumulations of ice and snow. *Brinkman v. Ross*, 68 Ohio St.3d 82, 83-84, 623 N.E.2d 1175 (1993); *Jeswald v. Hutt*, 15 Ohio St.2d 224, 239 N.E.2d 37 (1968), paragraph one of the syllabus; *Abercrombie v. Byrne-Hill Co., Ltd.*, 6th Dist. Lucas No. L-05-1010, 2005-Ohio-5249, ¶ 12. This rule is known as the "no-duty winter rule." *Miller v. Tractor Supply Co.*, 6th Dist. Huron No. H-11-001, 2011-Ohio-5906, ¶ 8.

{¶ 12} An exception to the "no-duty winter rule" exists where the landowner is actively negligent in permitting or causing an unnatural accumulation of ice or snow. *Lopatkovich v. Tiffin*, 28 Ohio St.3d 204, 207, 503 N.E.2d 154 (1986). "Unnatural accumulation" refers to "causes and factors other than the inclement weather conditions of low temperature, strong winds and drifting snow, i.e., to causes other than the meteorological forces of nature." *Porter v. Miller*, 13 Ohio App.3d 93, 95, 468 N.E.2d 134 (6th Dist.1983). "[S]ince the build-up of snow and ice during winter is regarded as a

5.

natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the [landowner] that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow." *Id.*

{¶ 13} Appellants argue that the black ice on which Lee slipped was unnatural insofar as it was the product of appellees' efforts to clear snow from the parking lot. In her deposition, Debra was asked about the formation of the ice on which Lee fell. Relevant here, she indicated that the ice apparently formed when runoff from a nearby snow bank melted and then refroze on the pavement. The snow bank was created when the parking lot was plowed.

{¶ 14} "[Where] run-off from the melting snow pile created the icy patch, several courts, including this one, have concluded that this does not constitute an 'unnatural' accumulation of ice. When snow is removed, it has to be placed somewhere, and 'a certain natural run-off of water is to be expected.'" *Flint v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga Nos. 80177 and 80478, 2002-Ohio-2747, ¶ 20, quoting *Hoenigman v. McDonald's Corp.*, 8th Dist. Cuyahoga No. 56010, 1990 Ohio App. LEXIS 131, *8 (Jan. 11, 1990). Therefore, even if we were to assume that the ice on which Lee fell was the product of runoff from the nearby snow bank refreezing, the accumulation of such ice would be considered natural. *Id.* at ¶ 19 ("Simply piling snow on either side of the sidewalk, without more, does not constitute an 'unnatural' accumulation of ice."). As such, the trial court properly concluded that appellees' were entitled to summary judgment.

6.

{¶ 15} Accordingly, appellants' sole assignment of error is not well-taken.

### III. Conclusion

{¶ 16} For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.               _____
                                             JUDGE
Thomas J. Osowik, J.        

                                   _____
James D. Jensen, P.J.                                          JUDGE
CONCUR.

                                   _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.